**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **JOHN DOE,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**FEDERAL REPUBLIC OF GERMANY,** *et al.*,<br><br>  **Defendants.** |

Civil Action No. 23-1782 (JEB)

**MEMORANDUM OPINION AND ORDER**

Plaintiff claims to be the source of the Panama Papers, a set of leaked documents that revealed a global network of tax evasion and offshore holdings.  He is proceeding *pro se* in this breach-of-contract lawsuit against Germany and its federal criminal police agency to recover money that they allegedly owe him as part of Germany's agreement to purchase the Panama Papers from him.  See ECF No. 1 (Complaint), ¶¶ 3–8; Panama Papers: Germany 'Pays Millions' for Leaked Data, BBC News (July 5, 2017), https://perma.cc/YV8E-PAR5.

Plaintiff initially also moved to proceed under a pseudonym, and this Court denied that two-page Motion without prejudice because it did not apply the relevant legal standard to his circumstances.  See ECF No. 2 (Pl. First Motion to Proceed Under Pseudonym); Minute Order of June 20, 2023.  Plaintiff has now filed a new Motion to Proceed Under a Pseudonym.  See ECF No. 6 (Pl. Mot.).  He requests pseudonymity because he claims that he faces a "real and imminent" threat to his safety from global actors committed to identifying and harming him in retribution for his production of the Panama Papers.  Id. at 6.  As part of his request, Plaintiff also asks to seal his identity from the Court.  Id. at 8; but see LCvR 5.1(c)(1) (requiring that

parties file "name[s] and full residence address[es]" and *pro se* parties also file telephone number).

Because Plaintiff has made the detailed showing required to overcome the presumption in favor of public disclosure, the Court will grant his request to proceed under a pseudonym in his public filings. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"). It will, however, deny his unusual request to seal his identity from the Court. The Court uses male pronouns throughout this Opinion for convenience but does not thereby suggest anything about Plaintiff's sex.

## I.     Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1) . That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

[2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

[3] the ages of the persons whose privacy interests are sought to be protected;

[4] whether the action is against a governmental or private party; and relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

To ensure compliance with Federal and Local Rules, the Court ordinarily requires plaintiffs permitted to proceed under pseudonym to file, *ex parte* and under seal, "a declaration containing their real names and residential addresses." Sponsor v. Mayorkas, No. 23-712, 2023 WL 2598685, at *3 (D.D.C. Mar. 22, 2023).

## II.    Analysis

### A.   Proceeding Under Pseudonym

Plaintiff has met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.  The Court will address each of the five factors in turn, focusing on the second.

The first factor supports granting the Motion.  Plaintiff seeks pseudonymity not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted) (alteration in original).  Specifically, he argues that he "is not concerned about [his] reputation or future career prospects so much as [his] safety."  Mot. at 3.  The Court agrees.  Although this lawsuit does not reveal "those types of intimate or sensitive personal information that are traditionally recognized under this factor, such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors," Doe v. Rogers, No. 12-1229, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting

3

Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)) (internal quotation marks omitted),

Plaintiff's identity has not been publicly disclosed and is itself sensitive in light of the risks to

which its revelation could expose him.  See Juliette Garside & Philip Oltermann, Panama Papers

Whistleblower Speakers Out: 'Politicians Must Act — Now', The Guardian (July 22, 2022),

https://perma.cc/T9R5-9Z44 ("The whistleblower said they could not take the risk of revealing

their identity because they believed they were a target of the Russian government."); Chang v.

Republic of S. Sudan, 548 F. Supp. 3d 34, 38 (D.D.C. 2021) (recognizing risk of retaliation from

foreign government as relevant to first factor).

Those concerns make the second factor, the "risk of retaliatory physical or mental harm"

to Plaintiff and to "innocent non-parties," critical to the Court's analysis.  In re Sealed Case, 971

F.3d at 326 (internal quotation marks and citation omitted).  Plaintiff argues that he is at grave

risk and points to foreign leaders' disapproval of coverage concerning the Panama Papers and

their ability to target individuals beyond their borders.  See Mot. at 4–5.  He specifically

identifies two journalists who were murdered for their investigative reporting, which included

reporting on the Panama Papers.  See id. at 6; Kelly K. Cho, Assassin Brothers Jailed 40 Years

for Car-Bomb Killing of Malta Journalist, Wash. Post (Oct. 15, 2022), https://perma.cc/N57Q-

YV85 (describing murder of journalist whose reporting included linking Maltese political figures

with "suspicious financial transactions described in the Panama Papers"); Bill Chappell, Man

Admits to Murdering Investigative Journalist, a Crime that Rocked Slovakia, NPR (Jan. 13,

2020) https://perma.cc/5DPK-VMWY ("The slain journalist had worked on projects related to

cases of broad corruption, drawing on sources such as the Panama Papers . . . .").

Although Plaintiff does not describe having received a direct threat, his Complaint

alleges that Russian state-sponsored television issued an indirect threat to his life when it

released a "docudrama" that "featured gratuitous violence directed at the John Doe behind the [Panama Papers] leak." Mot. at 5; <u>see</u> Compl., ¶ 12. Furthermore, in a Declaration signed only under his pseudonym, Plaintiff adds that he faces "similar threats from the governments of China and Saudi Arabia," from "international drug trafficking organizations," and "ultra-high net worth individuals whose companies were exposed in the Panama Papers." ECF No. 6-1 (Decl. of John Doe), ¶¶ 7–9. He argues that this risk extends to his family and other individuals who "could potentially be used as leverage to force Plaintiff to divulge information." Mot. at 6.

The Court recognizes that at this early stage, Plaintiff's concerns are supported only by the allegations in his Complaint and his unsigned, pseudonymous Declaration. Discovery may well render his concerns unsupported and unwarranted. The Court finds, however, that he has made a sufficiently specific showing with respect to the second factor to support granting his Motion, particularly in light of publicly documented acts of retaliation against individuals involved in reporting on the Panama Papers.

The third and fourth factors move the needle in neither direction. As to the third, Plaintiff is not a minor, and although he declares that he "believe[s] that other individuals, including children, would also be at serious risk of harm were [his] identity to become known," Decl., ¶ 11, that general claim cannot support his Motion at this stage. With respect to the fourth factor, a "'heightened public interest'" in disclosure applies "'when an individual or entity files a suit against the government,' particularly in a manner that may 'alter the operation of public law.'" <u>Sponsor</u>, 2023 WL 2598685, at *2 (quoting <u>In re Sealed Case</u>, 971 F.3d at 329). Although this Court's predecessor has declined to extend that reasoning to suits filed against foreign governments, <u>see</u> <u>Chang</u>, 548 F. Supp. 3d at 38, the Court need not go so far. No heightened public interest need attach here because Plaintiff's tort lawsuit "seeks to vindicate

only h[is] own rights," <u>Doe v. Barr</u>, No. 20-3553, 2020 WL 12674163, at *8 (D.D.C. Dec. 4, 2020), and "nothing about" his straightforward contract-based claims "creates any need for transparency with respect to [his] identit[y]." <u>Asylum Seekers Trying to Assure Their Safety v. Johnson</u>, No. 23-163, 2023 WL 417910, at *4 (D.D.C. Jan. 26, 2023).  In addition, as "government defendants 'do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing,'" the Court need not assume such reputational concerns exist here.  <u>J.W. v. District of Columbia</u>, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting <u>Doe v. Cabrera</u>, 307 F.R.D. 1, 8 (D.D.C. 2014)); <u>see also</u> <u>Doe 1 v. George Washington Univ.</u>, 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  Both the third and fourth factors are therefore neutral.

The fifth factor, like the first and second, supports granting Plaintiff's Motion.  Defendants would suffer no risk of unfairness if the Motion were granted, given Plaintiff's claim that they already "know[] Plaintiff's true identity."  Mot. at 7; <u>see</u> <u>In re Sealed Case</u>, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).  Upon the filing of the pseudonymous Complaint, Defendants will remain free to refute that claim or request any further information they deem necessary to the full and fair defense of the case, and Plaintiff will remain free to object.

On balance, although the third and fourth factors are neutral, the remaining three tip the scales in Plaintiff's favor.  The Court therefore finds that he has met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit.  <u>In re Sealed Case</u>, 971 F.3d at 326.

B.  <u>Disclosing Identity to the Court</u>

The Court turns next to Plaintiff's unusual request that he be exempted from the Local

Rules' requirements that all plaintiffs file with the court a full name and residential address, and

that *pro se* plaintiffs also file a telephone number at which they may be contacted in lieu of

counsel.  <u>See</u> LCvR 5.1(c)(1); Mot. at 8–9.

Plaintiff first maintains that the court's Local Rules require that he disclose only his

address and telephone number, but not his name, to the court.  <u>See</u> Mot. at 9.  Rule 5.1(c)(1)

states:

> The first filing by or on behalf of a party shall have in the caption
> the name and full residence address of the party.  If the party does
> not wish its full residence address to appear on the public docket, it
> shall omit the address and simultaneously file under seal a notice
> containing its full address, which notice shall be available only to
> the Court and the opposing party.  If the party is appearing *pro se*,
> the caption shall also include the party's telephone number, unless
> the *pro se* party wishes to include that in its sealed filing.

Plaintiff's argument appears to be that since the Local Rule provides for filing only a residential

address and telephone number under seal, a plaintiff permitted to proceed under a pseudonym

need not also disclose his name under seal.  The Rule's text, however, contains no exception to

the requirement that each filing include the party's name; that is why pseudonymous filers are

asked to disclose their names under seal.

Permitting a pseudonymous filer to conceal his identifying information from the court

would place the Local Rule in direct conflict with Federal Rule 10(a)'s requirement that "[t]he

title of the complaint must name all the parties," and with Rule 11(a)'s requirement that "[e]very

pleading, written motion, and other paper must be signed by at least one attorney . . . or by a

party personally if the party is unrepresented."  <u>See</u> LCvR 1.1(a) ("These [Local] Rules

supplement the Federal Rules of Civil and Criminal Procedure and should be construed in

7

harmony therewith.").   While courts in this district have interpreted motions to file a pseudonymous complaint as requests for an exemption from those requirements, see Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005) ("In effect, the litigant is asking the Chief Judge to waive the requirements of Federal Rule 10(a) and Local Civil Rules 5.1[(c)(1)]."), that exemption has historically been limited to ensure that parties identify themselves for the court and for the record.  Sponsor, 2023 WL 2598685, at *3 (permitting pseudonymous filing on condition that names and addresses be filed under seal).

      Plaintiff also argues that he should be granted a more sweeping exemption here because the court's systems are vulnerable to attack, such that even a sealed electronic filing could compromise his identity and contact information.  See Mot. at 8 (citing Maggie Miller, Justice Department Investigating Data Breach of Federal Court System, Politico (July 28, 2022), https://perma.cc/F4JC-32DL).  Plaintiff expresses a heightened concern with the telephone-number rule, arguing that he "could be immediately tracked down in a matter of minutes were that information to fall into the wrong hands."  Mot. at 9.  He is willing to share only his email address and "a secret passphrase" to be "stored securely and not electronically," which he proposes as sufficient to enable the Court to distinguish his communications and filings.  See Mot. at 9 n.4.

      Although the Court is sensitive to Plaintiff's concerns, it is not aware of any court in this district granting such sweeping exemptions to these identification requirements, and Plaintiff does not identify one.  The Court routinely requires that even pseudonymous filers facing grave and specific threats to their safety file their identifying information under seal.  See, e.g., Sponsor, 2023 WL 2598685, at *3 (requiring sealed identification of plaintiffs fleeing specific threats from the Taliban in Afghanistan); Mem. Op. & Order, V.C. v. District of Columbia, No.

23-1139, ECF No. 5 at 1, 5 (D.D.C. Apr. 27, 2023) (requiring sealed identification of inmates facing threat of violence while incarcerated).  This Court's predecessors have done the same. See Chang, 548 F. Supp. 3d at 39 (permitting pseudonymous public filing and substitution of business for residential address but requiring residential address be filed under seal); Order to Show Cause, Caldwell v. Obama, No. 13-1438, ECF No. 4 at 1–2 (D.D.C. Oct. 11, 2013) (ordering *pro se* plaintiff to file his residential address where plaintiff cited safety concerns but failed to "alleg[e] any specific source of endangerment").

As to Plaintiff's additional concerns with sharing his telephone number, he has not developed any argument that providing such number to the court would pose a privacy risk beyond that already posed by the requirement that he provide his residential address; nor has he identified a court that has granted such an exception.  The Court recognizes that Plaintiff's efforts to obtain counsel may, if successful, render the requirement that he provide his own telephone number inapplicable.  See Fed. R. Civ. P. 11(a) (requiring telephone number as part of a *pro se* party or attorney's signature on filings); LCvR 5.1(c)(1) (requiring only *pro se* parties to file a telephone number).  Until that occurs, Plaintiff must still identify himself to the court by his telephone number.  See Gosain v. Republic of India, No. 18-2427, 2019 WL 13128610, at *1 (D.D.C. Dec. 3, 2019) (finding *pro se* complaint could "[]not move forward until [plaintiff] addresse[d]" the "threshold deficiency" of failing to comply with LCvR 5.1(c)(1)).  He must thus file his true name, residential address, and telephone number under seal.

The Court accordingly ORDERS that:

1. Plaintiff's [6] Motion to Proceed Under Pseudonym is GRANTED IN PART and DENIED IN PART, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

9

2.  All parties shall:

    i.   Use the pseudonym listed in the Redacted Complaint; and

    ii.  Redact Plaintiff's name and address from all documents filed in this action;

         and

3.  Plaintiff must file, *ex parte* and under seal, within twenty-one days of this Order a

    declaration containing his true name, residential address, and phone number.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 3, 2023