## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 23-1782 (JEB)** |
| **FEDERAL REPUBLIC OF GERMANY,** *et al.*, | |
| **Defendants.** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff John Doe, who purports to be the source of the Panama Papers, has sued Germany for breaching a contract to purchase those papers.  <u>See</u> <u>Doe v. Germany (Doe I)</u>, No. 23-1782, ECF No. 7 at 1 (D.D.C. July 3, 2023) (describing facts).  In its prior Memorandum Opinion and Order, the Court granted Doe's request to proceed under a pseudonym but denied his request to seal his identity from the Court and the parties.  <u>See</u> <u>id.</u>  Plaintiff now asks this Court to reconsider the latter determination pursuant to Federal Rule of Civil Procedure 60(b). <u>See</u> ECF No. 8 (Motion for Reconsideration) at 2.

The Court will deny the Motion.  As in its prior Opinion, the Court uses male pronouns for convenience but does not thereby suggest anything about Plaintiff's sex.

## I.      Legal Standard

Plaintiff seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). Those provisions provide for relief only from a "final judgment, order, or proceeding" and then only to correct an error, <u>see</u> Fed. R. Civ. P. 60(b)(1), or in extraordinary circumstances.  <u>See</u>

Perry v. United States Dep't of Educ., No. 20-2003, 2022 WL 8176155, at *1 (D.D.C. June 27, 2022) (describing extraordinary-circumstances showing required for relief under Rule 60(b)(6)).

Given Plaintiff's *pro se* status, the Court will construe his request liberally and assess it not only under Rule 60(b), but also pursuant to the more forgiving standard for relief in Rule 54(b), which applies to orders that "may be revised at any time." See Prince v. Acheson, 305 F. Supp. 3d 48, 50 (D.D.C. 2018) ("Where the action is brought by a *pro se* plaintiff, the Court must construe his filings liberally . . . ."); Doe, Inc. v. Roe, No. 21-43, 2021 WL 3622166, at *1 (D.D.C. June 3, 2021) (reviewing denial of motion to proceed under pseudonym pursuant to Federal Rule of Civil Procedure 54(b)); Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) ("[I]t is clear that 'courts have more flexibility in applying Rule 54(b)' than in determining whether reconsideration is appropriate under Rules 59(e) and 60(b).") (quoting Moore v. Hartman, 332 F. Supp. 2d 252, 256 (D.D.C. 2004)).

Relief may be granted pursuant to Rule 54(b) "as justice requires," a standard that may be met where, for example, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell, 224 F.R.D. at 272 (internal citations and quotation marks omitted). A court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted) (quoting *In re* Ski Train Fire in Kaprun, Austria, on Nov. 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004)).

## II.    Analysis

Whether assessed as a request for relief pursuant to Rule 60(b) or Rule 54(b), Plaintiff's Motion identifies neither a mistake of law nor a justification for relief that the Court has not already considered and rejected.  Although his Motion distinguishes the facts of other proceedings in which courts have permitted pseudonymous filing but required that litigants identify themselves under seal, see Mot. at 4–5, Plaintiff identifies only one case in this district in which a court appeared to grant a party's request to proceed without requiring sealed identification.  In that case, Doe points out, Judge Rudolph Contreras granted a request to proceed under pseudonym while "mak[ing] no mention" of any need for the plaintiffs to file their identifying information under seal.  See Mot. at 3 (citing J.W. v. District of Columbia, 318 F.R.D. 196 (D.D.C. 2016)).  The plaintiffs in that case, however, proactively accompanied their request to proceed under a pseudonym with a sealed filing containing their identifying information.  See J.W., 318 F.R.D. 196, ECF No. 2 (Motion to Proceed Under Pseudonym) at 2 n.1.  No more was necessary.

The Court does not take lightly Plaintiff's serious allegations that sophisticated Russian and other foreign actors may surreptitiously access even his sealed electronic filings in this case.  See Mot. at 3–5; Doe I at 4–5 (acknowledging serious threats).  Even highly sensitive cases implicating those same global actors, however, have proceeded under seal on this Court's electronic docket.  See, e.g., In re Grand Jury Investigation, No. 17-2336, 2017 WL 4898143, at *1 (D.D.C. Oct. 2, 2017) (describing sealed criminal proceedings concerning Russian interference in American elections).  The Court declines to depart from that historical practice and from the Federal and Local Rules requiring that parties seeking to invoke the authority of the

federal courts identify themselves in their pleadings.  <u>See</u> LCvR 5.1(c); Fed. R. Civ. P. 10(a), 11(a).

  Two final clarifications are in order.  First, Plaintiff claims that the Clerk of Court requires that he file an "exhibit" proving his identity and asks that this Court "[c]larif[y]" what such requirement entails.  <u>See</u> Mot. at 9.  The Court reiterates that Plaintiff need file only a sealed declaration containing his name, residential address, and telephone number.  <u>See</u> <u>Doe I</u> at 9–10.  If he is concerned about transmitting the document, he may file such declaration with the Clerk of the Court in paper form for eventual placement on the sealed electronic docket.  <u>See</u> LCvR 5.4(e)(2) ("A party appearing *pro se* shall file with the Clerk and serve documents in paper form and must be served with documents in paper form, unless the *pro se* party has obtained a CM/ECF password.").  Having so identified himself to the Court and to the parties, Doe may then proceed with his pseudonymous Complaint.  Plaintiff next asks for "[t]he Court's assistance" in obtaining an electronic filing account without specifying a mailing address or telephone number.  <u>See</u> Mot. at 7 n.4.  This Order renders that request moot, as Plaintiff must provide that same identifying information to move forward with his Complaint.

  The Court accordingly ORDERS that Plaintiff's [8] Motion for Reconsideration is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  <u>July 21, 2023</u>